# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID COIL, | Case No. 2:22-cv-01428-GMN-BNW |
| Petitioner, | **ORDER** |
| v. | |
| STATE OF NEVADA, et al., | |
| Respondents. | |

Petitioner David Coil proceeding *pro se* has filed a purported habeas petition that is not on the court-required form (ECF No. 2-1). In addition, Coil has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing an application for leave to proceed *in forma pauperis* ("IFP").

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the prisoner's account statement for the six-month period prior to filing. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2. Coil will have 45 days from the date of this order to either pay the $5 filing fee or submit a complete IFP application with all required documentation.

To the extent Coil is raising a challenge to his conviction, his petition is subject to substantial defects requiring amendment. Coil did not file a petition on the appropriate form or in substantial compliance with the form. The form is important as it provides the Court with necessary information to conduct preliminary review of the petition. Accordingly, Coil must, within 45 days of the date of this order, file an amended petition for habeas corpus relief on the Court's form.[1] In doing so, Coil is advised to follow the instructions on the form. Coil must clearly title the amended petition as such, and he must place the case number, 2:22-cv-01428-GMN-BNW, in the designated space.

It is therefore ordered that the initial screening of Petitioner David Coil's Petition for Writ of Habeas Corpus (ECF No. 2-1) under the Rules Governing Section 2254 Cases is deferred to until such time as he has fully complied with this order.

It is further ordered that within 45 days of the date of this order, Petitioner must file an IFP application that includes a: (a) financial certificate signed by Petitioner and an authorized prison official, (b) financial declaration and acknowledgement signed by Petitioner, and (c) copy of Petitioner's inmate account statement for the six-month period prior to filing. Alternatively, Petitioner must pay the $5 filing fee within 45 days. If Petitioner decides to pay the filing fee from his inmate account, he must arrange to have a copy of this order attached to the check for the filing fee.

It is further ordered that Petitioner must file an amended petition on the Court's form within 45 days of the date of this order. He must place the case number, 2:22-cv-01428-GMN-BNW, in the designated space.

---

[1] Petitioner at all times remains responsible for calculating the applicable statute of limitations. By ordering Petitioner to amend his petition, the Court makes no finding or representation that either the original or amended petition will be considered timely.

It is further ordered that the Clerk of the Court is directed to send Petitioner blank copies of (1) the IFP application for incarcerated individuals, and (2) the form petition for a writ of habeas corpus pursuant to § 2254.

Petitioner's failure to timely comply with this Order will result in the dismissal of the petition without prejudice and without further advance notice.

Dated: September 12, 2022

_____
Gloria M. Navarro, Judge
United States District Court