UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID COIL, | Case No. 2:22-cv-01428-GMN-BNW |
| Petitioner, | **ORDER** |
| v. | |
| CALVIN JOHNSON, et al., | |
| Respondents. | |

*Pro se* Petitioner David Coil, who is incarcerated in the Nevada Department of Corrections, filed a purported habeas corpus petition under 28 U.S.C. § 2254 on September 1, 2022. (ECF No. 1-1.) Because Coil's purported petition was not on the court-required form, this court ordered Coil to file an amended petition within 45 days. (ECF No. 3.) And because Coil did not properly commence this action by paying the filing fee or filing an application to proceed *in forma pauperis* ("IFP"), this court also ordered Coil to either pay the filing fee or file an IFP application within 45 days. (*Id.*) Coil timely filed an amended petition on October 24, 2022, and after several extensions, Coil paid his filing fee on January 17, 2023. (ECF Nos. 8, 14.) On January 18, 2023, after an initial review of Coil's amended petition under the Rules Governing Section 2254 Cases, this court ordered Coil to show cause why his petition should not be dismissed as untimely. (ECF No. 15.) Coil timely responded to the order to show case. (ECF Nos. 16, 17.) For the reasons discussed below, the court dismisses the amended petition with prejudice as untimely.[1]

---

[1] In considering Coil's response to the order to show cause, the court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. These docket records may be accessed by the public online at: https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

## I. BACKGROUND

Coil challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. David Coil*, case no. C-16-318335-1. On December 13, 2017, and March 4, 2019, the state court entered a judgment of conviction and amended judgment of conviction, pursuant to a guilty plea, for one count of sex trafficking of a child, four counts of soliciting prostitution, and one count of attempted sex trafficking of a child. Coil was sentenced to an aggregate term of life with the possibility of parole after 11 years. Coil appealed, and the Nevada Court of Appeals affirmed on October 16, 2019. Remittitur issued on November 12, 2019.

On August 11, 2021, Coil filed a state petition for writ of habeas corpus. *David Coil v. Calvin Johnson*, case number A-21-839320-W. The state court denied post-conviction relief on December 7, 2021. Coil filed a post-conviction appeal, and the Nevada Court of Appeals affirmed on July 20, 2022. The Nevada Court of Appeals found that Coil's petition was untimely and procedurally barred. Coil filed a motion for rehearing, but the Nevada Court of Appeals denied the motion on September 22, 2022. Remittitur issued on October 17, 2022. On or about September 1, 2022, Coil initiated this federal habeas corpus proceeding. (ECF No. 2-1.)

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitations period for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period, i.e., 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal,

a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Nevada Supreme Court has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The federal limitations period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Here, Coil's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court on January 14, 2020. The federal statute of limitations thus began to run the following day: January 15, 2020. Although Coil filed a state petition for writ of habeas corpus, it was filed 209 days after the expiration of the federal statute of limitations and thus could not have statutorily tolled an already expired limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). And even if the state habeas petition had been filed before the statute of limitations expired, it would not have statutorily tolled the limitations period because the state petition was untimely in the state courts and denied as such.[2] *See Pace v.*

---

[2] The Nevada Court of Appeals explained that "Coil filed his petition on August 11, 2021, more than one year after issuance of the remittitur on direct appeal on November 12, 2019. Thus, Coil's petition was untimely filed. Coil's petition was procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice—or that he was actually innocent . . . . Coil did not contend he had good cause to overcome the procedural bars . . . [and] did not demonstrate actual innocence." (Internal citations omitted).

3

*DiGuglielmo*, 544 U.S. 408, 417 (2005) (explaining that an untimely state petition is not properly filed and thus does not toll the federal statute of limitations).

Given these facts, this court found that the limitations period expired on January 14, 2021, meaning Coil's petition was untimely, and ordered Coil to show cause why his petition should not be dismissed with prejudice as time barred under § 2244(d). (ECF No. 15.)  In response, Coil appears to acknowledge that his petition is untimely but argues that (1) he is actually innocent and (2) equitable tolling is warranted. (ECF Nos. 16, 17.)

**A.   Actual innocence**

AEDPA's one-year limitation period is subject to equitable exceptions "in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" after the statute of limitations has expired. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)).  To be credible, an actual innocence claim "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.  "When an otherwise time-barred habeas petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error,' the Court may consider the petition on the merits." *Stewart v. Cate*, 757 F.3d 929, 937 (9th Cir. 2014) (quoting *Schlup*, 513 U.S. at 316).  A petitioner may also demonstrate actual innocence by showing that, in light of subsequent case law, he cannot, as a legal matter, have committed the crime based on the facts under which he was convicted. *Bousley v. United States*, 523 U.S. 614, 616 (1998); *Vosgien v. Persson*, 742 F.3d 1131, 1135 (9th Cir. 2014).  The Supreme Court has cautioned, however, that

"tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329); *House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met)).

When conducting a *Schlup* gateway review, a court "must 'assess how reasonable jurors would react to the overall, newly supplemented record,' including all the evidence the petitioner now proffers." *Stewart*, 757 F.3d at 938 (quoting *Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011) (en banc)). The court's "function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *Id.* (quoting *House*, 547 U.S. at 538). In addition, the timing of the petition is a factor bearing on the "probable reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S. at 332; *McQuiggin*, 569 U.S. at 400. "Delay is relevant if it is 'unexplained' or 'unjustified.'" *Larsen v. Soto*, 742 F.3d 1083, 1095 (9th Cir. 2013) (quoting *McQuiggin*, 569 U.S. at 399 (internal alterations and brackets omitted)).

It is not clear that the actual innocence gateway applies to a case such as this involving a plea. *See Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007) ("We are aware of the potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas."). Regardless, Coil has failed to present new, reliable evidence showing that it is more likely than not that no reasonable juror would have convicted him, as is required to pass through the *Schlup* gateway. In fact, Coil has presented no evidence in this case. Rather, Coil premises his actual innocence on two arguments: (1) the

prosecutor's statements at his sentencing hearing that Coil's actions were not illegal and (2) a "witness['s] answers amount[ing] to 'I don't remember.'" (ECF No. 16 at 1.)

First, regarding the prosecutor's statements, the prosecutor does not appear to be referring to Coil's conviction for solicitation of a prostitute as not being illegal; rather, it appears that the prosecutor's statement that "it wasn't per se illegal" was regarding the sexual activity conducted by the victim because she was old enough to give consent. (*Id*. at 16.) Regardless, the prosecutor's statements made at sentencing are not evidence. Second, regarding the witness's inconclusive answers, Coil fails to explain which witness he is talking about and when and in what context that unnamed witness gave the inconclusive answers. But even if Coil had given more detail, a witness's inconclusive answers would not amount to factual innocence. *See Bousley*, 523 U.S. at 623 ("[A]ctual innocence means factual innocence, not mere legal insufficiency."). Nothing in the record suggests that Coil could not have committed the crimes for which he was convicted.

### B.     Equitable tolling

The Supreme Court has held that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland*, 560 U.S. at 645. However, equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id*. at 649 (quoting *Pace*, 544 U.S. at 418). A petitioner "must show that some external force caused his untimeliness, rather than mere oversight, miscalculation or negligence." *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (internal quotation omitted). Accordingly, he must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (untimeliness must be "caused by an external impediment and not by [petitioner's] own lack of diligence"). The petitioner bears the burden of

1 demonstrating that he is entitled to equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation omitted).

The Ninth Circuit has "adopted the 'stop clock' approach to analyzing claims for equitable tolling," under which the "statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." *Luna v. Kernan*, 784 F.3d 640, 651 (9th Cir. 2015) (citing *Gibbs v. Legrand*, 767 F.3d 879, 891-92 (9th Cir. 2014)). In the context of equitable tolling, the stop-clock approach operates the same as it would for statutory tolling: "[a]ny period during which both extraordinary circumstances and diligence are shown does not count toward the statute of limitations." *Id*.

Coil argues that he should be entitled to equitable tolling on three bases: (1) due to Covid-19, which "cause[d] High Desert State Prison to go full lockdown" and "barred [him] from all legal activities," (2) due to his inability to file anything in his criminal case from October 26, 2020 until May 19, 2021, and (3) due to his inability to access his criminal files. (ECF No. 17 at 1–3.) The court will address each basis in turn.

First, regarding Covid-19, Coil alleges that Covid-19 lockdowns, starting on March 15, 2020, resulted in "28 weeks or more of no legal access, preparation, or research." (ECF No. 17 at 3.) Although Coil alleges that his access to legal research and assistance was halted, Coil fails to demonstrate that he was prevented from filing his federal habeas petition due to Covid-19 lockdowns. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (holding that petitioner's stay

in administrative segregation with limited access to the law library and a copier did not justify equitable tolling because it was neither "extraordinary" nor did it make it "impossible" for him to file his petition in a timely manner); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (rejecting argument that lack of access to library materials automatically qualifies as grounds for equitable tolling). Indeed, this court received filings from *pro se* petitioners from High Desert State Prison following the start of the pandemic in March 2020. Moreover, regarding reasonable diligence in pursuing his rights, Coil fails to show that he submitted any grievance, inmate request forms, or complaints regarding a lack of access to the law library, to legal materials, or to the ability to file documents. But even if Covid-19 lockdown issues entitled him to equitable tolling or delayed accrual under 28 U.S.C. § 2244(d)(1)(B), Coil's September 1, 2022, federal petition would still be untimely because it was filed more than a year after Covid-19 lockdown issues lifted in the fall of 2020.[3]

Second, regarding his inability to file anything in his criminal case, Coil explains that at some point prior to September 2020, he sent a letter to his trial counsel requesting his criminal file, but his letter was returned as undeliverable. (ECF No. 17 at 1.) He then sent a letter to his appellate counsel, but it was also returned as undeliverable. (*Id.*) On September 24, 2020, Coil filed a motion in state court in his criminal case to compel his trial counsel to provide his file. (*Id.*) It appears that Coil still had or was re-appointed his appellate counsel for the purposes of the motion to compel. (*Id.*) Coil appears to allege that he was unable to file his *pro se* state habeas petition because he had counsel appointed in his criminal case until the spring of 2021. (*Id.* at 3 (citing

---

[3] Notably, Coil was able to file a motion in the state court on October 2, 2020, signaling Coil's ability to obtain legal materials and file legal documents. *See, e.g., Ramirez*, 571 F.3d at 1000–01 (refusing to allow delayed commencement under § 2244(d)(1)(B) when prisoner filed three state petitions, a state discovery motion, and a federal motion during the relevant time).

8

Rule 3.7 of the Rules of Practice for the Eighth Judicial District Court of the State of Nevada (stating that "all motions, petitions, pleadings or other papers delivered to the clerk of the court by a defendant who has counsel of record will not be filed")).) This court finds this argument unavailing. In Nevada, a petitioner who is challenging the validity of a conviction or a sentence must file a post-conviction habeas corpus petition with the clerk of the district court for the county where the conviction occurred. Nev. Rev. Stat. § 34.738(1). The clerk of the court must then open a new action that is separate and distinct from the underlying criminal action. Nev. Rev. Stat. § 34.730(3). As such, the presence of counsel in Coil's criminal case had no bearing on his ability to file his *pro se* state habeas petition.

Third, regarding access to his criminal file, an acknowledgement of file transmission in Coil's criminal case was filed on January 21, 2021. The Ninth Circuit has held that a petitioner's "complete lack of access to a legal file may constitute an extraordinary circumstance" to justify equitable tolling. *Ramirez*, 571 F.3d at 997. In such cases, this court must determine whether: (1) the petitioner's lack of access to his legal file made a timely filing impossible, and (2) the petitioner pursued his rights diligently. *Id*. It is not clear that Coil required his case file to pursue his habeas claims. But even if Coil's lack of access to his legal file entitled him to equitable tolling or delayed accrual under 28 U.S.C. § 2244(d)(1)(B), Coil's September 1, 2022, federal petition would still be untimely because, absent another basis for statutory or equitable tolling after January 21, 2021,[4] it was filed more than a year after he received his file.

---

[4] Although not argued by Coil, this court notes that Coil filed two motions to withdraw his guilty plea on June 3, 2021, and July 28, 2021. These motions were denied on July 19, 2021, and August 10, 2021, respectively. Even if this court were to construe these two motions as challenges to Coil's judgment of conviction entitling him to statutory tolling under 28 U.S.C. § 2244(d)(2), this additional two month tolling period would still not make Coil's federal petition timely.

9

### III. CONCLUSION

Because (1) Coil filed his federal habeas petition beyond the deadline, (2) he has not demonstrated that he is entitled to statutory tolling during the time his state habeas petition was pending, (3) he has not demonstrated that he is entitled to equitable tolling due to the presence of counsel in his criminal case, and (4) equitable tolling during Covid-19 lockdowns—from March 2020 to approximately October 2020—in addition to equitable tolling during the time Coil was waiting for access to his criminal case file—from approximately summer 2020 to January 2021—would still render his September 2022 federal habeas petition late, Coil's federal habeas petition is barred by the statute of limitations.

It is therefore ordered that Petitioner David Andrew Coil's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 8] is dismissed with prejudice as time barred.

It is further ordered that a certificate of appealability is denied as reasonable jurists would not find the dismissal of the petition as time barred to be debatable or wrong.

It is further ordered that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is instructed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and informally serve the Nevada Attorney General with the amended petition [ECF No. 8], this order, and all other filings in this matter by sending a notice of electronic filing to the Nevada Attorney General's office. No response is required from Respondents other than to respond to any orders of a reviewing court.

It is further ordered that the Clerk of Court is instructed to enter final judgment accordingly, dismissing this action with prejudice, and close this case.

Dated: February 16, 2023

Gloria M. Navarro, Judge
United States District Court