# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID COIL, | Case No. 2:22-cv-01428-GMN-BNW |
| Petitioner, | **ORDER** |
| v. | |
| STATE OF NEVADA, et al., | |
| Respondents. | |

On February 16, 2023, this court entered an order dismissing Petitioner David Coil's habeas petition with prejudice as time barred. (ECF No. 18.) Judgment was entered the same day. (ECF No. 19.) On March 15, 2023, Coil filed a document titled "challenge [to] judicial prejudice." (ECF No. 20.) In this document, Coil states that he "is challenging the ruling" in this case because this court "did not address the writ of habeas corpus in the 'best light' for [him]" and "did not respond at all to the grounds as related to [his] constitutional rights being egregiously violated." (*Id.*) This court construes Coil's filing as a motion to alter or amend the judgment.

Rule 59(e) of the Federal Rules of Civil Procedure states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). As the Ninth Circuit has recognized, "a Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Absent highly unusual circumstances, reconsideration under Rule 59(e) is

"available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016) (citing *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)). "Rule 59(e) motion[s] may not be used to 'raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id*. at 492 (citing *Herron*, 634 F.3d at 1111).

Although Coil's filing is timely, having been filed 27 days after judgment was entered, nothing in Coil's filing convinces the court that it clearly erred in dismissing Coil's petition as time barred. This court thoroughly considered its prior ruling, and because Coil has not stated a meritorious reason for this court to reconsider its prior rulings and alter the judgment in this case, Coil's filing is baseless. Indeed, this court "did not respond at all to the grounds as related to Coil's constitutional rights being egregiously violated," as Coil argues (ECF No. 20 at 2), because his petition was untimely, thereby warranting dismissal of the petition without consideration of the merits of the grounds within the petition.

It is therefore ordered that Petitioner David Coil's "challenge [to] judicial prejudice" [ECF No. 20] is denied. To the extent that it is necessary, a certificate of appealability is also denied.

Dated: March 15, 2023

_____
Gloria M. Navarro, Judge
United States District Court